IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MICHAEL WAFER,     ) | |
|     ID # 47873-177,     ) | |
|         Movant,     ) | |
| ) | No. 3:20-CV-1579-B-BH |
| vs.     ) | No. 3:14-CR-63-B(4) |
| ) | |
| UNITED STATES OF AMERICA,     ) | |
|         Respondent.     ) | Referred to U.S. Magistrate Judge[1] |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Based on the relevant filings and applicable law, the *Motion to Vacate Sentence Under 28 U.S.C. § 2255 and Brief in Support, and Unopposed Motion to File Motion on Non-Court Approved Form*, received on May 27, 2020 (doc. 1-1), should be **DENIED** with prejudice.

### I.     BACKGROUND

Michael Wafer (Movant) challenges his conviction and sentence in Cause No. 3:14-CR-63-B(4). The respondent is the United States of America (Government).

#### A.     Conviction and Sentencing

On February 19, 2014, Movant and four others were charged by indictment with conspiracy to commit carjacking in violation of 18 U.S.C. § 371 (Count One); using, carrying, and brandishing a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (Count Two); and carjacking in violation of 18 U.S.C. §§ 2119 and 2 (Count Three). (*See* doc. 1.)[2] The predicate crime of violence under Count Two was conspiracy to commit carjacking, as

---

[1] By *Special Order No. 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation.

[2] Unless otherwise indicated, all document numbers refer to the docket number assigned in the underlying criminal action, No. 3:14-CR-63-B(4).

alleged in Count One. (*See id.* at 5.)³ On May 13, 2014, Movant pled guilty to all three counts of the indictment, under a plea agreement. (*See* docs. 63, 70.)

The plea agreement stated that Movant understood and waived his rights to plead not guilty, to have a trial by jury, to have his guilt proven beyond a reasonable doubt, to confront and cross-examine witnesses, to call witnesses, and to not be compelled to incriminate himself. (*See* doc. 63 at 1.) He agreed that he understood the nature and elements of the crimes to which he was pleading guilty, and that the factual resume he signed was true and would be submitted as evidence. (*See id.* at 1-2.) The plea agreement set out the range of penalties for each of the three counts; it stated that Movant had reviewed the federal sentencing guidelines with counsel, he understood his sentences would be imposed by the Court after consideration of the sentencing guidelines, which were advisory and not binding, and no one could predict with certainty the outcome of its consideration of the guidelines. (*See id.* at 2-4.) He understood that the Court had sole discretion to impose the sentences. (*See id.* at 4.) He had thoroughly reviewed all legal and factual aspects of the case with counsel and believed that it was in his best interest to enter into the plea agreement and plead guilty. (*See id.* at 6.) His guilty plea was freely and voluntarily made and not the result of force or threats, or of promises apart from those included in the plea agreement. (*See id.*)

The plea agreement also included an appeal waiver under which Movant waived his right to appeal his convictions and sentences and his right to otherwise contest his convictions and sentences in a collateral proceeding, except that he reserved the right (a) to bring a direct appeal of a sentence exceeding the statutory maximum punishment or an arithmetic error at sentencing, (b) to challenge the voluntariness of any of his guilty pleas or the appeal waiver, and (c) to bring a claim of ineffective assistance of counsel. (*See id.*) In exchange, the Government agreed not to

---

³ Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

bring any additional charges against him based on the conduct underlying and related to his guilty pleas, and to dismiss after sentencing any remaining charges in the indictment. (*See id.* at 5.)

At re-arraignment on May 13, 2014, Movant acknowledged under oath that he fully read and discussed his plea agreement and factual resume with counsel, he fully understood everything set forth in them, the facts in the factual resume were true and correct, and he understood and committed each of the essential elements for each offense. (*See* doc. 157 at 11-13, 20.) He also acknowledged that he understood the rights he was giving up by pleading guilty, and that he understood he was voluntarily waiving his right to appeal or challenge his conviction and sentence through a writ of habeas corpus, except in the limited circumstances set out in the plea agreement. (*See id.* at 6-7, 15-16.) Movant pled guilty to the three counts of the indictment, and the Court found that his guilty plea was knowing and voluntary. (*See id.* at 17-19, 21; docs. 71-72, 86.)

On October 9, 2014, the United States Probation Office (USPO) prepared a Presentence Investigation Report (PSR) in which it applied the 2013 United States Sentencing Guidelines Manual. (*See* doc. 98-1 at ¶ 28.) Grouping Counts One and Three together, the PSR calculated a base offense level of 26 for the grouped counts, from which three levels were deducted for acceptance of responsibility, resulting in a total offense level of 23. (*See id.* at ¶¶ 30-40.) For Count Two, the PSR noted that the guideline sentence was the minimum term of imprisonment required by the statute, to run consecutive to any other term of imprisonment. (*See id.* at ¶ 41.) Based on a total offense level of 23 and a criminal history category of V, the guideline imprisonment range was 84 to 105 months for the grouping of Counts One and Three; the guideline imprisonment range was the statutory mandatory minimum term of seven years on Count Two, to run consecutive to any other sentence imposed. (*See id.* at ¶ 98.) The USPO provided

supplemental information in two subsequent addenda to the PSR, neither of which impacted the guideline sentence computations. (*See* docs. 117-1, 137-1.)

At the sentencing hearing on January 29, 2015, the PSR and its addenda were adopted as the findings and conclusions of the Court. (*See* doc. 160 at 8.) Movant's original judgment was entered on January 30, 2015, and he appealed it to the United States Court of Appeals for the Fifth Circuit (Fifth Circuit). (*See* docs. 142, 144.) While his appeal was pending, he was sentenced by amended judgment, to concurrent terms of 60 months' imprisonment on Count One and 96 months' imprisonment on Count Three, and to a consecutive terms of 84 months' imprisonment on Count Two, for a total term of 180 months' imprisonment, to be followed by a two-year term of supervised release. (*See* doc. 190 at 1-3.) Following entry of the amended judgment on November 20, 2015, Movant moved to dismiss his pending appeal as moot, and the Fifth Circuit granted the motion on December 21, 2015. (*See* doc. 192.)

On July 26, 2016, Movant filed his first motion challenging his conviction and sentence under 28 U.S.C. § 2255. (*See* doc. 197; *Wafer v. United States*, No. 3:16-CV-2170-B-BH (N.D. Tex. July 26, 2016), doc. 1.) The motion was denied with prejudice on March 20, 2018. (*See* No. 3:16-CV-2170-B-BH, docs. 12-14.) On May 27, 2020, he requested authorization from the Fifth Circuit to file a successive § 2255 motion based on the Supreme Court's ruling in *United States v. Davis*, 139 S. Ct. 2319 (2019). (*See* No. 3:20-CV-1579-B-BH, doc. 1.) On June 12, 2020, the Fifth Circuit tentatively granted authorization to file a successive § 2255 motion, stating that the motion must be dismissed without reaching the merits if this Court found Movant failed to make the requisite showing for a successive motion under 28 U.S.C. § 2244(b)(4). (*See id.*, doc. 2.)

**B.    Substantive Claim**

Movant challenges his conviction and sentence on Count Two under *Davis*. (*See id.*, doc. 1-1 at 3-6.) The Government filed a response on September 11, 2020, and he filed a reply on September 23, 2020. (*See id.*, docs. 7, 8.)

## II.    JURISDICTION

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). They "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). They have "a continuing obligation to examine the basis for their jurisdiction." *MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990).

Under 28 U.S.C. § 2255(h), a district court lacks jurisdiction over a successive § 2255 motion unless it was first authorized by a United States Court of Appeals. *See United States v. Fulton*, 780 F.3d 683, 686 (5th Cir. 2015). A subsequent § 2255 motion is considered successive when it: "1) raises a claim challenging the [movant's] conviction or sentence that was or could have been raised in an earlier [motion to vacate]; or 2) otherwise constitutes an abuse of the writ." *United States v. Orozco-Ramirez*, 211 F.3d 862, 867 (5th Cir. 2000) (quoting *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998)). The requirement that a movant present all available claims related to his conviction or sentence in his first § 2255 motion "serves the singularly salutary purpose of forcing federal habeas petitioners to think through all potential post-conviction claims and to consolidate them for a unitary presentation to the district court." *Id.* at 870-71 (quoting *Pratt v. United States*, 129 F.3d 54, 61 (1st Cir. 1997)) (internal quotation marks omitted).

The Fifth Circuit "may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of [§ 2244(b)]." 28 U.S.C. § 2244(b)(3)(C). To present a claim in a second or successive application that was not presented in a prior application, the application must show that it is based on: "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h). Next, the movant "must actually prove at the district court level that the relief he seeks relies either on a new, retroactive rule of constitutional law or on new evidence." *United States v. Wiese*, 896 F.3d 720, 723 (5th Cir. 2018). If a movant does not show that he meets the requirements for filing a successive § 2255 motion, the motion must be dismissed for lack of jurisdiction. *See id.* at 723-24.

Based on *Davis*, which held that 18 U.S.C. § 924(c)(3)(B) was unconstitutionally vague, the Fifth Circuit authorized Movant to file a successive § 2255 motion based on its finding that he made a prima facie showing of a new retroactive rule of constitutional law. (*See* No. 3:20-CV-1579-B-BH, doc. 1-1 at 3-6; *see also id.*, doc. 2.)[4] The grant of authorization was "tentative," however, in that Movant must still make the necessary showing to file a successive § 2255 motion for this Court to reach the merits of his claim. (*See id.*, doc. 2.) The dispositive question for jurisdictional purposes is whether he can show that it was "more likely than not" that the challenged conviction and sentence were imposed under § 924(c)(3)(B). *Weise*, 896 F.3d at 724.

---

4 The Fifth Circuit has stated that it is "constrained to follow other panels of this court in applying *Davis* retroactively to a successive § 2255 motion." *United States v. Clark*, 852 F. App'x 812, 814 (5th Cir. 2021); *see also Davis*, 139 S. Ct. at 2336.

Here, Movant was convicted in Count Two of using, carrying, and brandishing a firearm during and in relation to a crime of violence in violation of § 924(c)(1)(A)(ii), for which the predicate crime of violence was conspiracy to commit carjacking.  (*See* doc. 1 at 5; doc. 190.) Section 924(c) defines a crime of violence as "a felony offense that (1) 'has as an element the use, attempted use, or threatened use of physical force against the person or property of another,' (the elements clause), or (2) 'by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense' (the residual clause)."  *United States v. Smith*, 957 F.3d 590, 592 (5th Cir. 2020) (internal quotation marks and citation omitted); 18 U.S.C. § 924(c)(3).

The § 924(c) predicate offense of conspiracy to commit carjacking at issue here requires a showing that: "(1) two or more individuals made an agreement to commit the crime of carjacking; (2) the defendant knew the unlawful purpose of the agreement and joined in it willfully, that is, with the intent to further the unlawful purposes; and (3) at least one of the conspirators committed an overt act in furtherance of the conspiracy."  *United States v. Nguyen*, 566 F. App'x 322, 326-27 (5th Cir. 2014) (citing 18 U.S.C. § 371).  None of these elements require "the use, attempted use, or threatened use of physical force against the person or property of another."  18 U.S.C. § 924(c)(3)(A); *see also United States v. Robinson*, 783 F. App'x 401, 402 (5th Cir. 2019); *United States v. Jones*, 935 F.3d 266, 271 (5th Cir. 2019) (stating that "'conspiracy to commit an offense is merely an agreement to commit an offense",' and concluding that the defendants' conspiracy offense was not a crime of violence).  Because his predicate offense does not fall within the elements clause of § 924(c), Movant has satisfied his jurisdictional burden of showing that it is more likely than not that the Court relied on the residual clause when convicting and sentencing him under Count Two.  It therefore has jurisdiction over his successive § 2255 motion.

### III. SCOPE OF RELIEF UNDER § 2255

"Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996) (citations and internal quotation marks omitted). It is well-established that "a collateral challenge may not do service for an appeal." *United States v. Shaid*, 937 F.2d 228, 231 (5th Cir. 1991) (en banc) (quoting *United States v. Frady*, 456 U.S. 152, 165 (1982)).

A failure to raise a claim on direct appeal may procedurally bar an individual from raising the claim on collateral review. *United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001). Defendants may only collaterally attack their convictions on grounds of error omitted from their direct appeals upon showing "cause" for the omission and "actual prejudice" resulting from the error. *Shaid*, 937 F.2d at 232. "[T]here is no procedural default for failure to raise an ineffective-assistance claim on direct appeal", however, because "requiring a criminal defendant to bring [such] claims on direct appeal does not promote the[ ] objectives" of the procedural default doctrine "to conserve judicial resources and to respect the law's important interest in the finality of judgments." *Massaro v. United States*, 538 U.S. 500, 503-04 (2003). The Government may also waive the procedural bar defense. *Willis*, 273 F.3d at 597.

### IV. WAIVER

Movant contends that based on *Davis,* his conviction and sentence for Count 2 under the unconstitutional residual clause of § 924(c)(3)(B) are illegal. (*See* No. 3:20-CV-1579-B-BH, doc. 1-1 at 3-6.) The Government argues that his *Davis* challenge is barred by the waiver provision in his knowing and voluntary plea agreement. (*See id.*, doc. 7 at 13-17.)

The plea agreement waiver in this case bars all claims on collateral review under § 2255,

except for those that go to the voluntariness of Movant's guilty pleas or the appeal waiver and to the ineffectiveness of counsel. (*See* doc. 63 at 6.) He does not challenge the voluntariness of his guilty pleas or the appeal waiver; nor does he contend that counsel rendered ineffective assistance. As for his collateral attack under *Davis*, the Fifth Circuit has held that generally, "an informed and voluntary waiver of post-conviction relief is effective to bar such relief." *United States v. Wilkes,* 20 F.3d 651, 653 (5th Cir. 1994) (per curiam), *accord United States v. White,* 307 F.3d 336, 343 (5th Cir. 2002). "[D]efendants can waive the right to challenge both illegal and unconstitutional sentences." *United States v. Barnes*, 953 F.3d 383, 389 (5th Cir. 2020). In the specific context of a *Davis* claim raised on collateral review by a movant whose pre-*Davis* plea of guilty to a § 924(c) charge predicated on a conspiracy charge that did not constitute a crime of violence under the elements clause of § 924(c), as alleged here, the Fifth Circuit recently held that a movant's plea waiver bars such a collateral attack under § 2255.[5] *See United States v. Caldwell*, 38 F.4th 1161, 1161-62 (5th Cir. 2022) (per curiam) (citing *Grzegorczyk v. United States*, 142 S. Ct. 2580, 2580 (2022) (stating that a § 2255 movant's unconditional guilty plea "precluded any argument based on the new case law.")); *see also United States v. Brooks*, No. 20-10401, 2022 WL 2871200, at *2 (5th Cir. July 21, 2022) (per curiam) ("We recently held that plea waivers of the right to collaterally attack a sentence apply to *Davis* claims."). Movant's *Davis* challenge is barred by his plea waiver.

The Fifth Circuit has recognized exceptions to an informed and voluntary plea waiver in instances involving ineffective assistance of counsel claims affecting the validity of the collateral review waiver or guilty plea, and "'where the sentence facially (or perhaps indisputably) exceeds the statutory limits.'" *United States v. Hollins*, 97 F. App'x 477, 479 (5th Cir. 2004) (quoting

---

[5] The plea waiver at issue in *Caldwell* consisted of the same waiver language as Movant's plea waiver in the underlying criminal case. (*Compare* No. 3:20-CV-1579-B-BH, doc. 63 at 5, *with United States v. Caldwell,* No. 3:14-CR-340-K(2) (N.D. Tex. July 4, 2016), doc. 155 at 6.)

9

*White*, 307 F.3d at 343 n.4). Movant does not claim that his counsel was ineffective in any way that affected the validity of his collateral review waiver or guilty plea, however, and he does not allege that his sentence exceeds the statutory maximum for the challenged offense. He therefore has failed to show that an exception to his plea waiver applies.

Because Movant's *Davis* challenge is barred by his knowing and voluntary plea waiver, and he has failed to show that any exception to his plea waiver applies, he is not entitled to § 2255 relief.[6]

## V.     ACTUAL INNOCENCE

Movant also contends that because his "84 month sentence for a violation of 18 U.S.C. § 924(c)(1)(A)(ii) is tied only to the residual clause of 18 U.S.C. § 924(c)(3)(B), a clause which is unconstitutional and invalid, he is innocent of the offense and the sentence[.]" (No. 3:20-CV-1579-B-BH, doc. 1-1 at 5; *see also id.*, doc. 8 at 4-5; doc. 9 at 2.) He argues that: "Enforcing the Waiver of Appeal Would Be an Intolerable Miscarriage of Justice." (*Id.*, doc. 8 at 5-8.)

As discussed, Movant waived any right he would have had to challenge his conviction and sentence on Count Two under *Davis* in a collateral proceeding. The Fifth Circuit has "declined explicitly either to adopt or reject" a miscarriage of justice, or actual innocence, exception to enforcement of a plea waiver. *Barnes*, 953 F.3d at 389. Nonetheless, in recent cases involving arguments that a miscarriage of justice exception precluded enforcement of a plea waiver in the context of post-conviction *Davis* claims, the Fifth Circuit held that those claims were barred by the plea waiver. *See Caldwell*, 38 F.4th at 1161-62 (reversing district court's application of a miscarriage of justice exception to preclude enforcement of a plea waiver on a post-conviction

---

[6] The Government also argues in the alternative that Movant's *Davis* challenge is procedurally barred because he did not challenge the residual cause for vagueness on direct appeal, and he also has not established cause for the omission and resulting prejudice, or actual innocence. (*See* No. 3:20-CV-1579-B-BH, doc. 7 at 17-23.) Because Movant's *Davis* challenge is barred by his plea waiver, this additional argument is not addressed.

*Davis* claim, and holding that said challenge was barred by plea waiver); *Brooks*, 2022 WL 2871200, at *2 (holding that the "invocation of [the movant's plea] waiver resolves this case" where certificate of appealability included issue of whether a plea waiver was unenforceable under the miscarriage of justice exception as to a post-conviction *Davis* claim). Movant has not shown that the miscarriage of justice exception applies to render his plea waiver unenforceable as to his *Davis* challenge, and he has not demonstrated that he is entitled to § 2255 relief.

## VI. EVIDENTIARY HEARING

To the extent Movant seeks an evidentiary hearing, none is required when "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). A movant "is entitled to an evidentiary hearing on his § 2255 motion only if he presents 'independent indicia of the likely merit of [his] allegations.'" *United States v. Reed*, 719 F.3d 369, 373 (5th Cir. 2013) (citation omitted).

Here, Movant has failed to demonstrate the existence of a factual dispute that creates a genuine issue. He also has failed to come forward with independent indicia in support of the likely merit of his claim. *See id.* He therefore has failed to demonstrate that he is entitled to an evidentiary hearing on his *Davis* challenge.

## VII. RECOMMENDATION

The *Motion to Vacate Sentence Under 28 U.S.C. § 2255 and Brief in Support, and Unopposed Motion to File Motion on Non-Court Approved Form*, received on May 27, 2020 (doc. 1-1), should be **DENIED** with prejudice.

**SIGNED this 7th day of April, 2023.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

    A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE