UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MICHAEL WAFER, )<br>    ID # 47873-177, )<br>        Movant, )<br>)<br>vs. )<br>)<br>UNITED STATES OF AMERICA, )<br>        Respondent. ) | No. 3:20-CV-1579-B-BH<br>No. 3:14-CR-63-B(4) |

**ORDER ACCEPTING FINDINGS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE AND
DENYING CERTIFICATE OF APPEALABILITY**

The United States Magistrate Judge made Findings, Conclusions, and a Recommendation ("FCR") in this case. Movant Michael Wafer ("Movant") filed objections to the FCR on April 20, 2023 (doc. 12), and the Court has made a *de novo* review of those portions of the proposed findings and recommendation to which objection was made.

**I. Objection Nos. 1, 2, and 3**

Movant's first, second, and third objections to the FCR are as follows: (1) "Enforcing the Appellate Waiver Is an Intolerable Miscarriage of Justice"; (2) Movant's "Plea Agreement Waiver Does Not Bar Relief"; and (3) Movant "is Actually Innocent of the Sentence Imposed." (doc. 12 at 1-4.) In *United States v. Caldwell*, 38 F.4th 1161 (5th Cir. 2022), the United States Court of Appeals for the Fifth Circuit ("Fifth Circuit") rejected each of these grounds, either expressly or impliedly, as a basis for not enforcing a collateral review waiver in the context of a post-conviction claim under *United States v. Davis*, 139 S. Ct. 2319 (2019), and Movant acknowledges that *Caldwell* is binding

on this Court.[1] (*See* doc. 12 at 1-2.) Accordingly, based on the Fifth Circuit's decision in *Caldwell*, Movant's first, second, and third objections are overruled.

## II. Objection No. 4

In his fourth objection, Movant claims that he "has challenged the Voluntariness of His Pleas of Guilty and the Appellate Waiver Which are Constitutionally Invalid." (doc. 12 at 4.)

Movant's operative habeas motion alleges that his sentence on Count Two is illegal under *Davis* because he was charged and convicted under the unconstitutional residual clause of 18 U.S.C. § 924(c)(3)(B). (*See* doc. 1-1 at 1-4.) He also argued that the motion was timely. (*See id.* at 4-5.) He did not allege any grounds for relief on the basis that his guilty plea or appeal waiver was involuntary, which claims were excepted from the collateral review waiver in Movant's plea agreement. (*See generally id.*; *see also* No. 3:14-CR-63-B(4), doc. 63 at 6.) In his reply, he contended in part that the plea agreement did not bar habeas relief. (*See* doc. 8 at 1-5.) In support, he distinguished cases relied on by the Government in its response and argued that because *Davis* held that the residual clause was unconstitutional, i.e., "a legal nullity," there was no factual basis for Movant's guilty plea to the § 924(c) offense and he was therefore legally and factually innocent of said offense. (*See id.* at 3-4.) In support of a separate contention that his *Davis* claim was not procedurally barred, he cited case law and argued that he could not have challenged the vagueness

---

[1] Despite this acknowledgment, Movant also argues in his first objection that "*Caldwell* does not require this Court to decline to find this case represents an intolerable miscarriage of justice," noting that he and defendant Caldwell "are different individuals with different charges, histories, and considerations under the 18 U.S.C. § 3553(a) factors[.]" (doc. 12 at 1.) However, the Fifth Circuit's rejection of arguments that a miscarriage of justice exception applies to preclude enforcement of a collateral review waiver in the context of post-conviction *Davis* claims make not mention of a potential exception or carve-out based on specifics of the defendant or the offense at issue. *See Caldwell*, 38 F.4th at 1161-62; *United States v. Brooks*, No. 20-10401, 2022 WL 2871200, at *2 (5th Cir. July 21, 2022). In the absence of substantive authority or argument to support his argument that the miscarriage of justice exception to enforcing a plea waiver should apply to him in particular, his objection is overruled.

of the residual clause at the time of his guilty plea because that right had not yet been recognized by the Supreme Court. (*See id.* at 8-9.) Although his reply also did not expressly contend that his guilty plea or appellate waiver was involuntary, he now argues that the above-referenced arguments, case law citations, and case law discussions in his reply challenged the voluntariness of his guilty plea and the collateral review waiver. (*See* doc. 12 at 4-5.)

Because Movant is represented by counsel, his reply, which makes no mention or argument relating to the voluntariness of a plea, is not entitled to liberal construction. *See Manasiya v. Lynch*, 667 F. App'x 531, 531 (5th Cir. 2016) ("Because [the defendant] is represented by counsel, his brief is not entitled to liberal construction."). Further, even if the Court were to liberally construe his reply to assert new grounds for relief challenging the voluntariness of his guilty plea and collateral review waiver, it does not consider those claims. A court does not abuse its discretion in refusing to consider new issues raised in a § 2255 reply brief after the government has responded. *Cf. United States v. Cervantes*, 132 F.3d 1106, 1111 (5th Cir. 1998) (finding that the district court was not required to consider affidavits submitted after the government responded to habeas motion). In any event, any new grounds raised in Movant's reply as to the voluntariness of the guilty plea or collateral review waiver were over one year after the limitations period expired on June 24, 2020, and as such are barred by the statute of limitations.[2] *See* 28 U.S.C. § 2255(f)(3). Accordingly, Movant's fourth objection is overruled.

---

[2] In his § 2255 motion, Movant argued that, if found untimely, his *Davis* challenge could be considered based on the actual innocence exception to the statute of limitations. (*See* doc. 1-1 at 4-5.) He does not make the same argument as to his alleged challenges to the voluntariness of his guilty plea and appellate waiver in his reply, and his objection is overruled on this additional basis. Further, the argument on which he relies was waived under his collateral review waiver. *See Caldwell*, 38 F.4th at 1161-62 (reversing district court and enforcing collateral review waiver where district court determined that the movant was actually innocent of a charged § 924(c) offense under *Davis*).

3

### III.  Conclusion

Movant's objections to the FCR entered in this case are **OVERRULED**.  In accordance with 28 U.S.C. § 636(b)(1), the Court is of the opinion that the Findings and Conclusions of the Magistrate Judge are correct and they are accepted as the Findings and Conclusions of the Court.  The *Motion to Vacate Sentence Under 28 U.S.C. § 2255 and Brief in Support, and Unopposed Motion to File Motion on Non-Court Approved Form*, received on May 27, 2020 (doc. 1-1), will be denied with prejudice by separate judgment.

In accordance with Fed. R. App. P. 22(b) and 28 U.S.C. § 2253(c) and after considering the record in this case and the recommendation of the Magistrate Judge, Movant is **DENIED** a Certificate of Appealability.  The Court adopts and incorporates by reference the Magistrate Judge's Findings, Conclusions, and Recommendation in support of its finding that Movant has failed to show (1) that reasonable jurists would find this Court's "assessment of the constitutional claims debatable or wrong," or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).[3]

---

[3] Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts, as amended effective on December 1, 2019, reads as follows:
    **(a) Certificate of Appealability.** The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.
    **(b) Time to Appeal.** Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.  These rules do not extend the time to appeal the original judgment of conviction.

In the event that Movant files a notice of appeal, he must pay the $505.00 appellate filing fee or submit a motion to proceed *in forma pauperis* that is accompanied by a properly signed certificate of inmate trust account.

SIGNED this 16th day of May, 2023.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE